UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD LEE GOETSCH,

                  Plaintiff,

v.                                                                   Case No. 23-cv-252-pp

JODI FIELDS and JOHN or JANE DOE
HEALTH SERVICES MANAGER,

                  Defendants.

---

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

---

When he filed this lawsuit in February 2023, the plaintiff was incarcerated at Racine Correctional Institution. Dkt. No. 1 at 1; Dkt. No. 1-1.

On June 19, 2023, the court issued an order screening the plaintiff's amended complaint (which he'd prepared himself) under 42 U.S.C. §1983 and concluding that the amended complaint failed to state a claim. Dkt. No. 13. But the court found that the plaintiff might be able to state a claim if he provided additional details about his allegedly inadequate medical care. Id. at 11. The court gave the plaintiff "an opportunity to amend his complaint a second time to clear up the confusion and better explain his claims." Id. The court ordered the plaintiff to file a second amended complaint "in time for the court to *receive it* by the end of the day on July 28, 2023." Id. at 17 (bolding omitted). The court warned the plaintiff that if he "[did] not file a second amended complaint by the deadline, the court [would] dismiss this case based on the plaintiff's failure to

state a claim in his amended complaint and [would] issue him a strike as required by 28 U.S.C. §1915(g)." Id.

The court sent that order to the plaintiff at Racine Correctional Institution, where he was incarcerated when he filed the lawsuit in February. But the Wisconsin Department of Corrections locator website shows that on July 7, 2023—more than two weeks after the court issued its order—the plaintiff was released to extended supervision. See https://appsdoc.wi.gov/lop/home/home (DOC #246490). The previous order has not been returned to the court as undeliverable. The court has no reason to believe the plaintiff did not receive the court's June 19, 2023 order requiring him to file his second amended complaint by July 28, 2023. The plaintiff did not file a notice telling the court that he had been released from custody, even though the court told him that it is his responsibility to do so. Dkt. No. 13 at 18. Nor did the plaintiff file a motion asking the court for additional time to file a second amended complaint. The plaintiff has failed to comply with the court's June 19, 2023 order—both because he has not updated the court with his new address and because he has not filed a second amended complaint by the deadline the court set. The court will enforce that order and dismiss this lawsuit because the amended complaint fails to state a claim.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. Dkt. No. 10.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**