UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD LEE GOETSCH,

                    Plaintiff,

        v.                                    Case No. 23-cv-252-pp

JODI FIELDS
and JOHN or JANE DOE HEALTH SERVICES MANAGER,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 17), VACATING JUDGMENT (DKT. NO. 15) AND AMENDING JUDGMENT TO DISMISSAL WITHOUT PREJUDICE**

On February 22, 2023, the court received plaintiff Richard Lee Goetsch's complaint alleging violations of his civil rights under 42 U.S.C. §1983. Dkt. No. 1. The plaintiff was representing himself at the time and was incarcerated at Racine Correctional Institution. Id. On March 27, 2023, the court received the plaintiff's amended complaint. Dkt. No. 10. The plaintiff still was at Racine Correctional at that time. On March 30 and June 1, 2023, the court received two letters from the plaintiff, asking about the status of the case. Dkt. Nos. 11, 12. The plaintiff noted in the second letter that he would "be leaving prison in July." Dkt. No. 12 at 1. The envelope from that letter shows that the plaintiff still was at Racine when he sent it. Id. at 2.

On June 19, 2023, the court issued an order screening the amended complaint and concluding that it did not state a claim. Dkt. No. 13. The court explained that it was possible the plaintiff might be able to state a claim if he

provided additional details about his allegedly inadequate medical care. Id. at 11. The court gave the plaintiff "an opportunity to amend his complaint a second time to clear up the confusion and better explain his claims." Id. The court ordered the plaintiff to file a second amended complaint by July 28, 2023. Id. at 17. The court warned the plaintiff that if he "[did] not file a second amended complaint by the deadline, the court [would] dismiss this case based on the plaintiff's failure to state a claim in his amended complaint and [would] issue him a strike as required by 28 U.S.C. §1915(g)." Id.

On August 17, 2023, the court dismissed the case and assessed a strike under §1915(g) because the July 28, 2023 deadline had passed and the court had not received a second amended complaint from the plaintiff. Dkt. No. 14. The court explained that it sent that order to the plaintiff at Racine Correctional because that is "where he was incarcerated when he filed the lawsuit in February." Id. at 2. The court acknowledged that, according to the Wisconsin Department of Corrections locator website, the plaintiff had been released onto extended supervision on July 7, 2023—more than two weeks after the court issued its order and mailed it to the plaintiff at Racine. Id. But because the order had not been returned to the court as undeliverable, the court found "no reason to believe the plaintiff did not receive the court's June 19, 2023 order requiring him to file his second amended complaint by July 28, 2023." Id. The court noted that it also had not received a notice from the plaintiff "telling the court that he had been released from custody, even though the court told him that it [was] his responsibility to do so." Id. (citing Dkt. No.

13 at 18). Nor did the court receive a motion from the plaintiff "asking the court for additional time to file a second amended complaint." Id. Because the plaintiff failed to follow the court's orders to provide his updated address and to file a second amended complaint, the court enforced its June 19, 2023 order, dismissed the case and assessed a strike under §1915(g). Id. at 2–3. The court entered judgment the same day. Dkt. No. 15. The court did not receive the order and judgment back as undeliverable, even though the plaintiff had been released from Racine.

On October 24, 2023, more than two months after the court dismissed this lawsuit, the court received a notice of appearance for counsel on behalf of the plaintiff and a motion for relief from judgment. Dkt. Nos. 16, 17. The motion asks the court to vacate the judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 17 at 1. The motion first recounts the procedural history of the case, as the court has done above. Id. at ¶¶1–5. The motion then notes that sometime after the plaintiff was released from Racine Correctional in July 2023, he "reached out to the counsel filing this motion seeking representation." Id. at ¶6. Counsel says that she agreed to enter an appearance on behalf of the plaintiff, investigate his claim and possibly file an amended complaint. Id. Counsel says she sent the plaintiff a retention agreement to sign, and that the plaintiff signed and mailed it back to counsel on about July 15, 2023. Id. But counsel did not receive the signed authorization "until late August 2023, well after the deadline for amendment." Id. Counsel notes that

the court dismissed the case on August 17, 2023 and entered judgment. Id. at ¶7.

Counsel avers that this case "presents extraordinary circumstances justifying relief from judgment" under Fed. R. Civ. P. 60(b)(6). Id. at 8–10. Counsel recounts that the plaintiff was representing himself when he filed his lawsuit and when the court dismissed the amended complaint. Id. at ¶10. She says the plaintiff "recognized that he would likely need counsel to replead a claim that could survive Federal Rule of Civil Procedure 12(b)(6) or § 1915A." Id. Counsel avers that the plaintiff took steps toward repleading by finding counsel and signing the retention agreement before his deadline to file a second amended complaint, but says that "counsel was not aware of the signed retention agreement before July 28, 2023." Id. Counsel notes the court's conclusion that, with additional detail, the plaintiff may have been able to state an Eighth Amendment claim. Id. (citing Dkt. No. 13). She says that if she "had received the [plaintiff's] letter before the deadline to replead, she would have entered an appearance and filed a motion to voluntarily dismiss the case under Federal Rule of Civil Procedure 41(a)." Id. at ¶11. Counsel says that would have allowed her time "to investigate the case and refile any meritorious claims as a new complaint if the investigation proved fruitful." Id.

Counsel asks that the court grant her motion so that she may "carry out that plan: Plaintiff would dismiss the case voluntarily, without prejudice, and then re-file any meritorious claims as a new complaint." Id. at ¶12. She notes

that granting the motion would not prejudice any defendant because the court did not order service on any defendant before dismissing the case. Id. at ¶13.

Federal Rule of Civil Procedure 60(b) states that the court may relieve a party from a final judgment, order or proceeding for several reasons, including mistake, newly discovered evidence, fraud or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3) & (6). Granting relief under any subsection of Rule 60 "is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances.'" Kennedy v. Schneider Elec., 893 F.3d 414, 419 (7th Cir. 2018) (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). District courts also have the power and discretion under Rule 60 "to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." Id. The party moving for relief under Rule 60 must demonstrate "exceptional circumstances" warranting relief. Rodriguez v. Plymouth Ambulance Serv., Case No. 06-C-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006), and Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

Contrary to counsel's assertions, this case does not constitute "extraordinary," "special" or "exceptional" circumstances warranting relief from the judgment. The plaintiff filed a complaint and amended that complaint while representing himself, the court dismissed the amended complaint and gave the plaintiff a chance to file a second amended complaint and the plaintiff did not file one. Because the plaintiff failed to follow the court's orders, the court

5

dismissed the case just as it warned the plaintiff it would if he failed to follow the court's orders. Those circumstances are common, not special or extraordinary.

The court notes what counsel *does not say* in her motion. Counsel does not say that the plaintiff did not receive the court's June 19, 2023 order telling him to file a second amended complaint by July 28, 2023. Nor does she say that he was unaware of that deadline and his requirement to tell the court if he was released from custody or if his address changed. The motion instead suggests the plaintiff *did receive* the court's order because counsel says that the plaintiff "recognized that he would likely need counsel to replead a claim" that survived screening. Dkt. No. 17 at ¶10. Counsel does not give any reason why the plaintiff failed to follow the court's orders and never contacted the court to 1) tell the court that he was being released from Racine and onto extended supervision, 2) provide an updated address where the court could reach him after his release or 3) request additional time to file a second amended complaint while he searched for and found counsel willing to represent him. If the plaintiff had done any of those things, the court would have given him additional time to file a second amended complaint.

But the plaintiff did not do any of those things and did not contact the court. He did not tell the court that he had been released from prison, give the court his new address or advise the court that he was attempting to recruit counsel to assist him in filing a second amended complaint. Even after the court entered judgment on August 17, 2023, the plaintiff *still* did not send a

letter to the court giving his new address or describing his attempts to recruit counsel. He has not contacted the court at all since his June 1, 2023 letter asking for a status update. Dkt. No. 12. It was not until October 24, 2023—two and a half months after the court entered judgment—that counsel filed a notice of appearance and filed this motion for relief from judgment. Yet counsel says she received the plaintiff's signed retention agreement sometime in "late August 2023." Dkt. No. 17 at ¶7. Counsel has not explained why she waited over two months to tell the court what had happened, rather than immediately filing a letter or motion for relief from judgment explaining the situation described in her Rule 60(b) motion.

Nonetheless, the court acknowledges that the plaintiff was representing himself at the time it ordered him to file a second amended complaint, while he was searching for counsel to represent him and while he was being released from imprisonment. The court accepts that these changes in circumstances may have made it difficult for the plaintiff to comply with the court's orders. The court also acknowledges that counsel's proposed plan—to voluntarily dismiss the case and allow counsel to investigate and refile—is a sensible one that protects what could be a meritorious claim, as the court noted in the June 19, 2023 screening order. Dkt. No. 13.

The court finds that the plaintiff has presented a sufficient reason to give him relief from the judgment. The court will exercise its discretion to grant the plaintiff's motion, vacate the judgment and enter an amended judgment

7

dismissing this case without prejudice under Fed. R. Civ. P. 41(a). The plaintiff then may refile this case, subject to the appropriate statute of limitations.

The court **GRANTS** the plaintiff's motion for relief from judgment. Dkt. No. 17.

The court **VACATES** the August 17, 2023 judgment. Dkt. No. 15.

The court **AMENDS** the judgment to dismissal without prejudice under Fed. R. Civ. P. 41(a). The clerk will enter the amended judgment.

The court **ORDERS** that the dismissal of this case under the amended judgment will not count as a strike under 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 31st day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**